| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

| | | |
|---|---|---|
| TOMMY BARNES, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § | No. _____ |
| v. | § § | |
| ALPINE SITE SERVICES, INC., | § § | |
| *Defendant(s)*. | § § | |

## PLAINTIFF TOMMY BARNES'S ORIGINAL COMPLAINT

Plaintiff Tommy Barnes (referred to as "Barnes") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Alpine Site Services, Inc. (referred to as "Alpine") who worked as laborers and were paid at the same rate of pay for all of the hours they worked during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I.  Nature of Suit

1.      Barnes's claims arise under the FLSA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.      To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.      Alpine violated the FLSA by employing Barnes and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.      Alpine willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.      Barnes brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Alpine who worked as laborers and were paid at the same rate of pay for all of the hours they worked during the past three years.

## II.  Jurisdiction & Venue

7.      This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because Alpine resides in this district and division. 28 U.S.C. § 1391(b)(1).

### III.  Parties

9.     Barnes is an individual who resides in Jackson County, Texas and who was employed by Alpine during the last three years.

10.     Alpine is a Colorado corporation that may be served with process by serving its registered agent:

> National Registered Agents, Inc.
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201

Alternatively, if the registered agent of Alpine cannot with reasonable diligence be found at the company's registered office, Alpine may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     An allegation that Alpine committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Alpine or was done in the normal course and scope of employment of Alpine's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.    Alpine is a construction company; it tests and installs engineered screwpiles for commercial construction projects. *See generally*, Alpine Site Services— About Alpine, http://alpinesites.com/alpine-site-services (last visited Aug. 4, 2020).

13.    Alpine does business in the territorial jurisdiction of this Court.

14.    Alpine employed Barnes from January 21, 2019, to June 20, 2019.

15.    Alpine employed Barnes as a laborer.

16.    As a laborer, Barnes was responsible for installing screwpiles.

17.    During Barnes's employment with Alpine, he was engaged in commerce or in the productions of goods for commerce.

18.    During Barnes's employment with Alpine, the company had employees engaged in commerce or in the production of goods for commerce.

19.    During Barnes's employment with Alpine, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20.    During Barnes's employment with Alpine, the company had an annual gross volume of sales made or business done of at least $500,000.

21.    Alpine paid Barnes on an hourly basis.

22.    Alpine paid Barnes on a weekly basis by direct deposit.

23.     During Barnes's employment with Alpine, he regularly worked in excess of forty hours per week.

24.     Alpine knew or should have known that Barnes worked in excess of forty hours per week.

25.     Alpine did not pay Barnes for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26.     Instead, Alpine paid Barnes at the same rate of pay for all of the hours he worked.

27.     Barnes was not exempt from the maximum hour requirements of the FLSA.

28.     As a laborer, Barnes's primary duties were nonexempt.

29.     As a laborer, Barnes's primary duties did not include office or nonmanual work.

30.     As a laborer, Barnes's primary duties were not directly related to the management or general business operations of Alpine or its customers.

31.     As a laborer, Barnes's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32.     As a laborer, Barnes did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33.     As a laborer, Barnes was, instead, required to follow Alpine's policies, practices and procedures.

34.     As a laborer, Barnes did not have any independent authority to deviate from Alpine's policies, practices and procedures.

35.     Alpine knew or should have known that Barnes was not exempt from the maximum hour requirements of the FLSA.

36.     Alpine willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37.     During Barnes's employment with Alpine, the company did not maintain accurate time and pay records for Barnes as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38.     During Barnes's employment with Alpine, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

39.     Alpine continued the pay practice(s) complained of by Barnes without investigation after being put on notice that the pay practice(s) violated the FLSA.

40.     Alpine has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

41.     Prior to this lawsuit, Alpine conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Barnes.

42.     Because Alpine willfully violated the FLSA, the company is liable to Barnes for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

43.     As a result of the FLSA violation(s) described above, Alpine is liable to Barnes for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

44.     All laborers employed by Alpine during the last three years are similarly situated to Barnes because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Alpine under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

45.     Barnes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46.     During Barnes's employment with Alpine, he was a nonexempt employee.

47.    As a nonexempt employee, Alpine was legally obligated to pay Barnes "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

48.    Alpine did not pay Barnes "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

49.    Instead, Alpine paid Barnes at the same rate of pay for all of the hours he worked.

50.    If Alpine classified Barnes as exempt from the maximum hour requirements of the FLSA, he was misclassified.

51.    As a result of the FLSA violation(s) described above, Alpine is liable to Barnes for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

52.    Barnes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53.    Alpine willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

54.     During Barnes's employment with Alpine, the company did not maintain accurate time and pay records for Barnes as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

55.     During Barnes's employment with Alpine, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

56.     Alpine continued the pay practice(s) complained of by Barnes without investigation after being put on notice that the pay practice(s) violated the FLSA.

57.     Alpine has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

58.     Prior to this lawsuit, Alpine conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Barnes

59.     Because Alpine willfully violated the FLSA, the company is liable to Barnes for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

60.     Barnes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61.     On information and belief, other employees of Alpine have been victimized by the FLSA violation(s) described above.

62.     These employees are similarly situated to Barnes because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

63.     Alpine's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

64.     Since Barnes's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65.     For these reasons, Barnes requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All laborers employed by Alpine during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked.

66.     Alpine is liable to Barnes and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

67.     Barnes has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

68.     Barnes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69.     Barnes is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

70.     Barnes is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

71.     Barnes has retained the professional services of the undersigned attorneys.

72.     Barnes has complied with the conditions precedent to recovering attorney's fees and costs.

73.     Barnes has incurred or may incur attorney's fees and costs in bringing this lawsuit.

74.     The attorney's fees and costs incurred or that may be incurred by Barnes were or are reasonable and necessary.

75.     Alpine is liable to Barnes and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

76.     Barnes demands the following relief:

    a.   an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b.   an incentive award for Barnes for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c.   judgment against Alpine in Barnes's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d.   all other relief and sums that may be adjudged against Alpine in Barnes's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar No. 3487389
renu@mooreandassociates.net